UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| STATE OF NEW JERSEY | Hon. Dennis M. Cavanaugh |
| Plaintiff, | **OPINION** |
| v. | Civil Action No. 07-3274 (DMC) |
| TERRENCE CULPEPPER, | |
| Defendant. | |

This matter comes before the Court upon motion by Defendant Terrence Culpepper ("Defendant") to transfer this action from the Riverdale Municipal Court to the United States District Court for the District of New Jersey pursuant to 28 U.S.C. § 1441.

I. **BACKGROUND**

On May 16, 2007, Defendant was stopped by Officer Famularo of the Riverdale Police Department for speeding. Officer Famularo detected an alcoholic odor coming from the vehicle and asked Defendant to step outside to perform field sobriety tests. Defendant denied that he had been drinking and alleged that the alcoholic smell was due to leaking coolant in his car radiator that continued to malfunction. Officer DiGirolamo, a "drug recognition expert," was called to the scene and concluded that Defendant failed the field tests. Defendant alleged that he failed the field tests

as a result of forgetting to take his blood pressure medication that morning and wearing orthotic shoes, which the police officers did not allow him to remove. At police headquarters, Defendant passed two breathalyzer tests, but was subsequently arrested. On September 13, 2007, Defendant was found guilty of speeding, use/influence of controlled dangerous substances and operating a vehicle under the influence of liquor or drugs.

Defendant alleges that his constitutional rights were violated in regards to the discovery procedures of the criminal case. The allegations includes that: (1) he was not informed of the charges; (2) he did not receive a copy of the complaint; (3) the judge did not read the complaint to him; (4) he was not asked to enter a plea. On July 13, 2007, Defendant filed a Notice of Removal pursuant to 28 U.S.C. § 1441 to have his case transferred to federal court. On July 26, 2007, this Court dismissed the case without prejudice and without costs for failure to comply with 28 U.S.C. § 1446. On August 7, 2007, Defendant submitted a motion to reopen the case after complying with 28 U.S.C. § 1446.

## II.     DISCUSSION

Defendant, who is before this Court pro se, seems to be misinformed about the rules and procedures regarding removal to federal court. 28 U.S.C. § 1441 permits only the removal of civil cases and criminal prosecutions. See Pennsylvania. v. Bolick, 2005 U.S. App. LEXIS 20177, at *2 (3d Cir. Sept. 20, 2005). Defendant attempts to transfer a state criminal case to this Court by alleging that constitutional violations resulted from the discovery procedures of the criminal matter. However, 28 U.S.C. § 1441 provides no basis for the removal of a state criminal proceeding, and as such, this Court lacks federal jurisdiction to hear this action. *Id.*

### III.     CONCLUSION

For the reasons set forth in this Opinion, this Court finds that, pursuant to 28 U.S.C. § 1441, this case shall not be transferred to the United States District Court for the District of New Jersey. An appropriate Order accompanies this Opinion.

10/1/07

Dennis M. Cavanaugh, U.S.D.J.

Original:     Clerk's Office
cc:           All Counsel of Record
              The Honorable Mark Falk, U.S.M.J.
              File